No. 64
UNION NEWS CO. v. FREEBORN
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4613. Decided Oct. 22, 1923

1177. TORTS. Duty owed to invitee and licensee defined—Suitor held to be an invitee to the stairway upon which she fell and was injured, and entitled to recover.

SULLIVAN, J.

Epitomized Opinion
First Publication of this Opinion

This action was commenced in Cuyahoga Common Pleas by Freeborn, who recovered a judgment for $2,000 against Union News Co. which seeks to reverse the judgment on the ground that the court erred in refusing to direct a verdict. Freeborn was a passenger from the west to Painesville, Ohio, in May 1916, and at about eight in the morning alighted at the Union Depot, Cleveland, for the purpose of taking a local train to Painesviille as the through train did not stop there. She entered the general waiting room and then descended by a stairway to a restaurant on the lower floor. This restaurant was a part of the depot and on the level with the tracks and was used by passengers in going from and to the waiting room and tracks. The evidence, disclosed that after she reached the dining room she inquired as to the Painsville train and was directed by a waitress to go back up stairs into the waiting room and out the main gate to the trains. As she was proceeding by the stairway, she slipped and fell backwards, sustaining serious injuries. Her evidence further disclosed that the floor had been mopped after she came down the stairs. In affirming the judgment, the Court of Appeals held:

1. Under the facts in this case the jury was justified in finding that Freeborn was an invitee and not a licensee. The company intended that the restaurant be used as a passageway for passengers. An owner owes to a licensee no duty as to the condition of premises save that he should not knowingly let him run upon a hidden peril or willfully cause him harm, while to one invited he is under obligation, for reasonable security for the purposes of the invitation. Words and phrases, first series, Vol. 4, P. 3760. A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty ex-

cept to refrain from wantonly or willfully injuring him and to exercise ordinary care after discovering him to be in peril. He should not be exposed to hidden dangers, pitfalls or obstructions. 102 OS. 176. Even if Freeborn was a licensee there was evidence to submit to the jury because an agency of danger was created and set in motion. This agency was soapy wanter applied to the floor.

Attorneys—Treadway & Marlatt, for Union News Co.; Payer, Winch, Minshall & Karch, for Freeborn, all of Cleveland.

---

No. 65
STATE v. GIUNCA

Ohio Appeals, 5th Dist., Stark County
No. 547. Decided Nov. 30, 1923

661. INTOXICATING LIQUORS—Unlawful to manufacture, own or possess wine for beverage purposes.

HOUCK, J.

Epitomized Opinion
First Publication of this Opinion

Giunca was convicted in Canton Municipal Court of the illegal possession of intoxicating liquor in violation of the Crabbe Act. Some distance from his residence, Giunca owned a garage in which was found several barrels of wine, which was made by him for beverage purposes for himself and family. The evidence disclosed that he gave a friend of his a drink of wine in the garage. The Crabbe Act provides that it shall be unlawful to manufacture, sell, or possess any intoxicating liquors, and the word liquor shall be construed to include wine. The Common Pleas Court reversed the conviction. In reversing the judgment of the Common Pleas Court and affirming that of the Municipal Court, the Court of Appeals held:

1. A proper interpretation of the Crabbe Act leads to the conclusion that any intoxicating liquors, unlawfully manufactured or obtained for beverage purposes, are unlawfully possessed.

2. "Under the facts in this case, if the wine had been found in the private residence of defendant in error, or the garage in which it was found had been on his private residence lot, we are of the opinion that the possession of said wine would be unlawful."

Attorneys—Thomas E. Miller and J. L. Hilton, for State; U. S. Johnston, Canton, for Giunca.